UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHARLES JACKSON and ERICA JACKSON** | * * | **CIVIL ACTION NO.: 6:21-cv-02117** |
| | * | |
| **VERSUS** | * | **JUDGE: JAMES D. CAIN, JR.** |
| | * | |
| | * | **MAGISTRATE JUDGE:** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * * | **KATHLEEN KAY** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' RESPONSES TO DEFENDANT'S FIRST SET OF DISCOVERY**

**NOW COME**, Plaintiffs, Charles Jackson and Erica Jackson, through undersigned counsel, who responds to the interrogatories propounded as follows. As an initial matter, many of the items requested are irrelevant and are simply answered to the best of Plaintiffs' memory.

**GENERAL OBJECTIONS**

1. Plaintiffs object to the interrogatories and requests for production of documents to the extent they are vague, overbroad, unduly burdensome, and harassing.

2. Plaintiffs object to the interrogatories and requests for production of documents to the extent they seek irrelevant information and are not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiffs object to the interrogatories and requests for production of documents to the extent they seek information subject to the attorney-client privilege, work product doctrine, self-critical analysis privilege, investigative privilege, or any other applicable legal protection or privilege.

4. Plaintiffs object to the interrogatories and requests for production of documents to the extent they assume or are premised on facts or allegations not proven nor established. Any responses to these interrogatories or requests for production do not constitute an admission or adoption of the premise upon which the interrogatory or request for production is based.

EXHIBIT "A"

5. Plaintiffs object to the interrogatories and requests for production of documents to the extent they seek information not within Plaintiffs' possession or under Plaintiffs' control.

6. Plaintiffs respond to these interrogatories and requests for production based on information in Plaintiffs' possession at the time of these responses. Plaintiffs reserve the right to amend or supplement these responses should new information become available or if prior responses are subsequently determined to be inaccurate.

## PLAINTIFFS' ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify yourself fully, giving your present full name, any name you have used in the past, any aliases or nicknames, home address, home phone number, date of birth, present employer, work phone number, marital status, driver's license number, Social Security number, list any job or position of employment, including self-employment, held currently and /or for the past five years stating as to each the name of the employer as well as address and contact information.

### ANSWER TO INTERROGATORY NO. 1:

1. Charles and Erica Jackson
2. 803 Chevalier Blvd, Lafayette, LA 70503
3. 337-654-1811
4. Married
5. Charles Jackson XXX-XX-3581
6. Erika Jackson XXX-XX-7989
7. Charles Jackson through Tubing Systems 1806B Highway 90E New Iberia, LA 70560
8. Erika Jackson retired in 2007

**INTERROGATORY NO. 2:**

Have you ever asserted <u>any other</u> insurance or non-insurance claim(s) and/or any lawsuit(s) for damages or for compensation? If so, please state with particular detail the date and nature of the damage sustained, the name and address of the person or entity against whom said claim was made, and the disposition of said claim(s). If a lawsuit was filed in connection with said claim, kindly indicate the court where the suit was filed, the civil suit number, and the date of its filing.

**ANSWER TO INTERROGATORY NO.2:**

Plaintiffs recall making a claim in year 2000 or 2002 for their fence at 300 Woodrow St, Lafayette, LA 70506 with State Farm Fire and Casualty Company.

**INTERROGATORY NO. 3:**

Please identify all fact witnesses whom you anticipate may be called by you at the trial of the captioned matter.

**ANSWER TO INTERROGATORY NO. 3:**

Plaintiffs object to this interrogatory as the information sought is premature as discovery is ongoing. Subject to said objection, Plaintiffs have information regarding the damages sustained to their Property and the handling of their insurance claims, as well as the following:

a) The One Man Team, Roof Estimate, PO Box 522, Youngsville, LA 70592

b) JD Anderson of Shingle Solutions LLC; 304 Belle Grove Boulevard, Lafayette, LA 70503.

c) Any and all knowledge representative for Defendant, whether employed or dispatched by Defendant, who have knowledge related to underlying losses, claims, and/or litigation including claim specialist, adjusters, engineers, experts, etc.

**INTERROGATORY NO. 4:**

Please identify all expert witnesses whom you anticipate may be called by you as witnesses at the trial of the captioned matter and state the qualifications of the expert and substance of the expert opinion.

**ANSWER TO INTERROGATORY NO. 4:**

Plaintiff objects to this Interrogatory on the grounds that it is premature in that discovery is ongoing, the investigation has not yet been completed, and it has not yet been determined which experts will be used or otherwise relied upon at trial. Subject to and without waiving these objections, Plaintiffs state that expert reports will be submitted in accordance with the Courts pretrial scheduling order. Subject to this objection and without waiving these objections, the following:

    i. JD Anderson of Shingle Solutions LLC; 304 Belle Grove Boulevard, Lafayette, LA 70503;

    ii. The One Man Team, PO Box 522, Youngsville, LA 70592; 337-856-8762

**INTERROGATORY NO. 5:**

Please identify each and every exhibit as well as all items of demonstrative evidence which you intend to either introduce or display at the trial of this matter. As to each exhibit, identify any and all witnesses who will be used to authentic or otherwise utilize said exhibit or demonstrative aid.

**ANSWER TO INTERROGATORY NO. 5:**

Plaintiffs object to this Interrogatory on the grounds that it is premature in that discovery is ongoing, the investigation has not yet been completed, and it has not yet been determined which materials will be introduced into evidence or otherwise relied upon at trial. Plaintiffs will submit

exhibits as well as demonstrative evidence in accordance with the Court's Scheduling Order. Subject to and without waiving these objections, please see below:

    i.      JD Anderson of Shingle Solutions LLC Evaluation Report;

    ii.     The One Man Team Invoice;

    iii.    Shingle Solutions tarping invoices;

    iv.    Generator receipt;

    v.     All Seasons Pools & Spas Pool Documents;

    vi.    Contents replacement receipts;

    vii.   Food spoilage list;

    viii.  Pool photos;

    ix.    Policy;

    x.     Payments Issued By State Farm; and

    xi.    State Farm Estimate(s).

**INTERROGATORY NO. 6:**

With respect to your claim for recovery of damages to your structure (dwelling/building and/or dwelling extension) and/or its contents (and/or personal property) you have made with respect to your policy, including but not limited to your Homeowners Policy, please state with specificity what damages do you claim your structure (dwelling/building and/or dwelling extension) and/or its contents (and/or personal property) sustained as a result of perils covered under said policy.  For the contents, as part of your list, please state: (i) the date each item was purchased (or otherwise obtained); (ii) the location where and/or from whom it was purchased (or otherwise obtained); and, (iii) the price for which you purchased it (or its value at the time you obtained it if you did not purchase it).

**ANSWER TO INTERROGATORY NO. 6:**

Please see JD Anderson of Shingle Solutions LLC Evaluation Report and All Seasons Pools & Spas documents.

**INTERROGATORY NO. 7:**

With respect to your claim for recovery of damages to your structure (dwelling/building and/or dwelling extension) and/or its contents (and/or personal property) you have made with respect to your Homeowners Policy, please state with specificity what the total dollar amount you allege it will cost to repair and/or replace the damage to your structure (dwelling/building and/or dwelling extension) and/or its contents (and/or personal property) that you described in your answer to Interrogatory No.6.

**ANSWER TO INTERROGATORY NO. 7:**

Please see Response to Interrogatory No.6.

**INTERROGATORY NO. 8:**

With respect to your claim for recovery of damages to your structure (dwelling/building and/or dwelling extension) and/or its contents (and/or personal property) you have made with respect to your Homeowners Policy, please state with specificity what the total dollar amount you have spent on repairs to your structure (dwelling/building and/or dwelling extension) and/or its contents (and/or personal property) and that you identified in your answer to Interrogatory No. 6.

**ANSWER TO INTERROGATORY NO. 8:**

To date, repairs have not yet been completed and are ongoing.

**INTERROGATORY NO. 9:**

With respect to your claim for recovery of damages to your structure (dwelling/building

and/or dwelling extension) and/or its contents (and/or personal property) you have made with respect to your Homeowners Policy, please state with specificity what the total dollar amount you allege you are still owed by State Farm to repair or replace the damage to your structure (dwelling/building and/or dwelling extension) and/or its contents (and/or personal property) that you described in your answer to Interrogatory No.6.

**ANSWER TO INTERROGATORY NO. 9:**

Please see response to Interrogatory No. 6,7, and 8.

**INTERROGATORY NO. 10:**

Please identify any and all pre-Event or post-event improvements, repairs, or alterations made by yourself to your home and identify the individuals, contractors or companies who performed said alterations, repairs or improvements.

**ANSWER TO INTERROGATORY NO. 10:**

Plaintiffs object to Interrogatory No. 10 to the extent this Interrogatory is overly broad, vague, ambiguous and burdensome.  Subject to the objections, Plaintiffs respond as follows:

Plaintiff recalls staining and repainting his doors on a yearly basis.

**INTERROGATORY NO. 11:**

Did you employ, hire and/or contract with any individuals and/or companies to act as a 'public adjuster' on your behalf with respect to your Homeowners' Policy?  If so, please with specificity answer the following:

    a. The name of each such individual as well as that of the company/business for who they work;

    b. The business and cell phone numbers and office address of such individual and/or company; and,

    c. The date you retained the services of any such individual or business.

**ANSWER TO INTERROGATORY NO. 11:**

      a. JD Anderson of Shingle Solutions LLC

      b. 304 Belle Grove Boulevard, Lafayette, LA 70503

      c. December 13, 2021

**INTERROGATORY NO. 12:**

With respect to any claim for you are making for indemnification pursuant to the additional living expenses ("ALE") coverage or loss of business income, or loss of rents, please answer with specificity whether you allege that a peril or perils (i.e., wind, wind driven debris, flooding, etc.) caused directly or indirectly by the Event at issue in this matter caused direct, physical damage to your property such that it was rendered uninhabitable?

**ANSWER TO INTERROGATORY NO. 12:**

Plaintiffs do not allege the Property was rendered uninhabitable.

**INTERROGATORY NO. 13:**

With respect to any claim for you are making for indemnification pursuant to the ALE coverage or loss of business income, or loss of rents, please identify the date you resumed living in your property following the Event at issue in this matter, or if applicable, completed repairs of the rental/business property sufficient to render it habitable.

**ANSWER TO INTERROGATORY NO. 13:**

Plaintiffs did not evacuate. Plaintiffs incurred $3,013.50 in ALE expenses. Please see attached receipts.

**INTERROGATORY NO. 14:**

With respect to any claim for you are making for indemnification pursuant to the ALE coverage or loss of business income, or loss of rents, please answer with specificity what the total

outstanding dollar amount you allege you are currently owed pursuant to the terms and conditions of your policy as indemnification to you.

**ANSWER TO INTERROGATORU NO. 14:**

Total ALE is $3,013.50, see attached receipts.

**INTERROGATORY NO. 15:**

Have you completed all repairs to your property? If so, when were they completed? If repairs are not complete, what repairs are still needed?

**ANSWER TO INTERROGATORY NO. 15:**

Please see Answer to Interrogatory No. 6.

**INTERROGATORY NO. 16:**

Please state the name and address of each and every engineer contractor, remediation, enterprise, subcontractor, and/or repairer that you (or anyone on your behalf) have communicated with regarding the property at any time.

**ANSWER TO INTERROGATORY NO. 16:**

Plaintiffs object to this interrogatory because it is overbroad and burdensome. Subject to and without waiving said objection, Plaintiffs recall communicating with:

1. The One Man Team, Roof Estimate, PO Box 522, Youngsville, LA 70592; and
2. JD Anderson of Shingle Solutions LLC; 304 Belle Grove Boulevard, Lafayette, LA 70503

**INTERROGATORY NO.17:**

Please identify any document you contend is proof of loss, including, but not limited to, any estimate, invoice, receipt, report and business personal property inventory form worksheet concerning your claim for damages sustained, and for each such proof of loss, state:

    a.    The date that you provided the proof of loss to State Farm;

    b. What amounts claimed in the proof of loss have been paid by State Farm; and

    c. What amounts claimed in the proof of loss have not been paid by State Farm.

**ANSWER TO INTERROGATORY NO. 17:**

Please see the difference between the amounts paid by State Farm (which are in State Farm's possession) and the following attached proof(s) of loss:

    a) Proof of loss provided by way of Shingle Solution, LLC;

    b) ALE receipts;

    c) Content receipt submitted

**INTERROGATORY NO. 18:**

In connection with your Homeowners, did you give any type of recorded statement to any person? If so, please identify the date the statement was given and who secured the statement from you.

**ANSWER TO INTERROGATORY NO. 18:**

Plaintiffs do not recall giving any type of recorded statement.

**INTERROGATORY NO. 19:**

Please "identify" each "person" known (including but not limited to any representatives of State Farm), interviewed or reasonably felt by you, your attorney, or other representative to be an eyewitness or non-eyewitness, to have any facts pertaining to the Event at issue in this matter or to have knowledge of some of the facts or circumstances upon which the averments in your Petition are based, whose testimony will be relied upon or used by you for any purposes at trial of this matter. Please state the date they were interviewed and/or whether they gave a statement to you, your attorney, your expert, or someone employed by you. Please state whether the interview and/or statement was recorded or otherwise, including but not limited to a tape, CD, digital, written, oral,

text, email, and/or video recording.

**ANSWER TO INTERROGATORY NO. 19:**

Please see responses to Interrogatories 3,4, and 11.

**INTERROGATORY NO. 20:**

Were any photographs and/or videotapes taken of the damages you claim you sustained to your structure (dwelling/building and/or dwelling extension) or its contents prior to any repairs that may have been made to such alleged damages?

**ANSWER TO INTERROGATROY NO. 20:**

Please see attached photos.

**INTERROGATORY NO. 21:**

Provide the following information for any claim reported to any insurer or application for grant money, loans, or disaster assistance from any state or federal governmental agency or organization for damage to the property at issue in this lawsuit:

1. Date claim was made and to whom;
2. Amount of claim;
3. Type of damage giving rise to claim;
4. Amount paid on claim and date of receipt; and,
5. Identify all documents relating to the claim.

**ANSWER TO INTERROGATORY NO. 21:**

1. Claim was timely reported to State Farm shortly after the storms occurred. The exact dates should be in State Farm's possession.
2. Please see the attached Shingle Solutions LLC estimate
3. Windstorm damage
4. All payments issued by State Farm are in State Farm's possession; and attached hereto

11

## PLAINTIFFS' RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Please produce any and all documents of any kind identified in your answers to the accompanying Interrogatories.

**RESPONSE TO REQUEST NO. 1:**

Please see attached.

**REQUEST FOR PRODUCTION NO. 2:**

Please provide records depicting payments for any repairs due to damages from the Event at issue for the structure (dwelling/building and/or dwelling extension) and personal property at issue, including but not limited to checks, credit card receipts and/or withdrawals to obtain cash for a purchase.

**RESPONSE TO REQUEST NO. 2:**

See answer to Interrogatory No. 15 and No. 6.

**REQUEST FOR PRODUCTION NO. 3:**

Please provide account records and/or account number, account holder and name and address of institution/creditor for any debit card and/or credit card which were used for the payment for any repairs for the structure (dwelling/building and/or dwelling extension) and personal property at issue (see Request for Production No. 2).

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs did not use any credit cards to make payments.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any and all reports issued by any and all experts that you have consulted and/or may call as a witness at the trial of the referenced matter and any and all documents, photographs and/or video of any kind supplied to your experts by you and/or on your behalf.

**RESPONSE TO REQUEST NO. 4:**

Please see attached Shingle Solution, LLC report, bates labeled Jackson000109-149.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce each and every exhibit and item of demonstrative evidence, including but not limited to photographs, videos, and DVD', which you intend to either introduce or display at the trial of this matter.

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs object to this request as premature, as discovery is still ongoing. Plaintiffs will produce an exhibit list in accordance with the Court's Scheduling Order. Subject to said objection, please see Response to Request No. 4, No. 2, and No.1.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any and all photographs, videos and/or DVD's, either pre-Event or post Event, which would depict personal property before and after alleged damage and/or that would depict the structure (dwelling/building and/or dwelling extension) before and after the alleged damage.

**RESPONSE TO REQUEST NO. 6:**

Please see attached.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce any estimates, receipts, invoices or proposals provided by any "person", or contractor who inspected, repaired, upgraded, altered or performed remedial work for damages of any type to the "insured premises" from the date of purchase through today.

**RESPONSE TO REQUEST NO. 7:**

Please see response to Interrogatory No. 17, Response to Request No.4 and Response to Request No.2.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce any and all documents that you contend support your allegations that State Farm adjusted your claim in bad faith.

**RESPONSE TO REQUEST NO. 8:**

Plaintiffs object to this interrogatory because it calls for a legal conclusion. Subject to and without waiving these objections, please see attached documents, bates labeled Jackson000001-168.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce any and all interviews and/or statements, obtained by you, your attorney, your expert, or someone employed by you, including but not limited to a(n) tape, CD, digital, written, oral, text, email or video recording as well as any transcripts of said recordings in your possession taken from/of any witness or persons, including but not limited to defendants and/or representatives of the insurance company, concerning the facts of this accident or the nature and extent of the damages regarding the event referenced in the Petition.

**RESPONSE TO REQUEST NO. 9:**

None

**REQUEST FOR PRODUCTION NO. 10:**

Please produce a copy of any and all retainer agreements and/or contracts between you and/or any public adjuster, contractor, engineer and/or expert.

**RESPONSE TO REQUEST NO. 10:**

None.

**REQUEST FOR PRODUCTION NO. 11:**

With respect to any application to the Small Business Administration and/or any disaster assistance program, please produce copies of the applications made thereto and supporting documentation, any communications, written or otherwise, with the Small Business Administration and/or any disaster assistance program, any appraisals of the insured property made by any representative of the Small Business Administration and/or any disaster assistance program, and any monies you received from the Small Business Administration and/or any disaster assistance program.

**RESPONSE TO REQUEST NO. 11:**

None.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce any appraisals, property inspections and/or home inspections of the insured property since the date of purchase.

**RESPONSE TO REQUEST NO. 12:**

N/A.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce your personal federal and state tax returns and any supporting documentation for the years 2018-2021.

**RESPONSE TO REQUEST NO. 13:**

Objection. Irrelevant. Plaintiffs' tax returns are irrelevant to the subject matter, and the information sought is not reasonably calculated to lead to discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 14:**

Please provide documentation of any and all improvements, repairs, or alterations made to the insured property from date of purchase through today and identify the individuals, contractors or companies who performed said alterations, repairs or improvements.

**RESPONSE TO REQUEST NO. 14:**

Please see response to Interrogatory No. 16 and Response to Request No. 4 and Response to Request No. 2.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce any and all documents in support of or evidencing your claim for ALE, loss of business income or loss of rents.

**RESPONSE TO REQUEST NO. 15:**

Please see attached ALE receipts, bates labeled Jackson000155-156, 161, 166, 168.

**REQUETS FOR PRODUCTION NO. 16:**

Please produce any notes kept by any Plaintiff regarding home remodeling and/or the handling of the State Farm claim that is at issue in this matter.

**RESPONSE TO REQUEST NO. 16:**

None.

**REQUEST FOR PRODUCTION NO. 17:**

To the extent not duplicative of any prior request, you are requested to produce photographs, video tapes, DVD's, satellite or other images of the "insured premises", interior and

exterior, which were taken at any time **before** or **after** the Event at issue in this matter (which would depict personal property before and after alleged damage and/or that would depict the structure (dwelling/building and/or dwelling extension) before and after the alleged damage)**.**

**RESPONSE TO REQUEST NO. 17:**

Duplicative.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce any and all documents, including, but not limited to, photographs, video, correspondence (written or electronic), estimates, receipts, invoices, and reports given by you to State Farm or any representative of State Farm in support of your claim.

**RESPONSE TO REQUEST NO. 18:**

Plaintiffs object to this request as overly burdensome, as all documents, including, but not limited to, photographs, video, correspondence (written or electronic), estimates, receipts, invoices, and reports given by Plaintiffs to State Farm are already in State Farm's possession. Subject to said objection, please see attached documents.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce any detailed inventory of personal property and/or contents that you claim were damaged due to the Event at issue.

**RESPONSE TO REQUEST NO. 19:**

Plaintiffs object to this request as overly burdensome considering this is already in State Farm's possession. Subject to said objection, please see attached receipts.

17

**REQUEST FOR PRODUCTION NO. 20:**

Please produce any document you contend is proof of loss, including, but not limited to, any estimate, invoice, receipt, report, and personal property inventory form worksheet concerning your claim for damages sustained.

**RESPONSE TO REQUEST NO. 20:**

Please see response to Request No. 4, 16, 18, and 20.

**RESPECTFULLY SUBMITTED**:

_____
Mary K. Taliancich, La. Bar No. 39357
Galen M. Hair, La. Bar No. 32865
**HAIR SHUNNARAH TRIAL ATTORNEYS**
3540 S. I-10 Service Road, W, Suite 300
Metairie, LA 70001
Phone: (504-684-5200)
Fax: (504-613-6351)
mary@insuranceclaimhq.com
hair@hairshunnarah.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on counsel of record via U.S. or electronic mail this the 1st day of June, 2022.

_____
MARY K. TALIANCICH